**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| CLARENCE ELLIS, | : | |
| Plaintiff, | : | Civ. No. 16-3849 (KM) (JBC) |
| | : | |
| v. | : | |
| | : | |
| ESSEX COUNTY PROSECUTORS OFFICE, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**KEVIN MCNULTY, U.S.D.J.**

**I.    INTRODUCTION**

The plaintiff, Clarence Ellis, is a state prisoner currently incarcerated at the East Jersey State Prison in Rahway, New Jersey. He is proceeding *pro se* with a civil rights complaint filed pursuant to 42 U.S.C. § 1983.

At this time, this Court must screen the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may granted or because it seeks monetary relief from a defendant who is immune from suit. For the following reasons, the complaint will be dismissed with prejudice in its entirety.

**II.    BACKGROUND**

The allegations of the complaint are assumed to be true for purposes of this screening Opinion. The complaint names five defendants:  (1) Essex County Prosecutor's Office; (2) Rebecca Fisher; (3) Office of Public Defenders Office Essex County; (4) Austin Edwards; and (5) Carolyn Murry.

Mr. Ellis's allegations arise from his state court criminal proceedings. He states that he was arrested for a weapons charge in November, 2013. Ms. Fisher was assigned to represent him. Mr. Ellis states that the evidence clearly showed that he was never in possession of a handgun, nor did he ever fire any handgun. He states that he "was tested for any signed of gunshot residue which was negative [and that] the alleged gun was tested which yielded negative for any fingerprints, DNA, et al." (Dkt. No. 1 at p.6) Mr. Ellis states that the Prosecutor's Office was made aware of all of this relevant information, but that he was nevertheless maliciously prosecuted by Austin Edwards. Mr. Ellis also states that Ms. Murry is the supervisor of Mr. Edwards at the Prosecutor's Office. Mr. Ellis further claims that Ms. Fisher violated his rights by failing to properly investigate his case and by telling him to pled guilty.

Mr. Ellis requests monetary damages from the defendants.

### III.    LEGAL STANDARDS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Thus, to state a claim for relief under § 1983, a plaintiff must allege first, the violation of a right secured by the Constitution or laws of the United States, and second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See Harvey v. Plains Twp.*

2

*Police Dep't*, 635 F.3d 606, 609 (3d Cir. 2011) (citations omitted); *see also West v. Atkins*, 487 U.S. 42, 48 (1988).

Under the Prison Litigation Reform Act, Pub.L. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (Apr. 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis, see* 28 U.S.C. § 1915(e)(2)(B), seeks redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim with respect to prison conditions, *see* 42 U.S.C. § 1997e. The PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), as explicated by the United States Court of Appeals for the Third Circuit. To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014)

(quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

*Pro se* pleadings, as always, will be liberally construed. *See Haines v. Kerner*, 404 U.S. 519 (1972). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## IV.    DISCUSSION

### A.  Rebecca Fisher & the Office of Public Defenders of Essex County

Mr. Ellis first raises claims against the Office of Public Defenders of Essex County and Public Defender Rebecca Fisher for their role in representing him at his state criminal proceedings. Neither a public defender nor the public defender's office is a state actor for purposes of § 1983. *See Dorn v. Aguilar*, 645 F. App'x 114, 115 (3d Cir. 2016) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *see also Xenos v. Slojund*, 424 F. App'x 80, 81 (3d Cir. 2011) (citation omitted). Accordingly, the federal claims against these two defendants will be dismissed with prejudice for failure to state a claim.

### B.  Essex County Prosecutor's Office, Austin Edwards & Carolyn Murray

Mr. Ellis also brings claims against the Essex County Prosecutor's Office and two of its employees, Austin Edwards and Carolyn Murry, for pursuing an invalid criminal case against him. With respect to Mr. Edwards and Ms. Murray, Mr. Ellis's federal claims will not be permitted to proceed past screening. A state prosecuting attorney who acts within the scope of his or her duties in initiating and pursuing a criminal prosecution is not amenable to suit under § 1983. *See Imbler v. Pachtman*, 424 U.S. 409, 410 (1976); *see also Arsad v. Means*, 365 F. App'x

327, 329 (3d Cir. 2010). A prosecutor's appearance in court as an advocate of the state's position or the presentation of evidence at a hearing is protected by absolute immunity. *See Burns v. Reed,* 500 U.S. 478, 492 (1991). Therefore, Mr. Ellis's federal claims that seek monetary damages against Mr. Edwards and Ms. Murray for prosecuting the criminal case against him will be dismissed with prejudice.

As to the Essex County Prosecutor's Office, the federal claims will also be dismissed with prejudice. When New Jersey county prosecutor's offices engage in classic law enforcement and investigative functions, they act as officers of the State,'" and hence are not "persons" who may be liable under § 1983. *See Estate of Lagano v. Bergen Cnty. Prosecutor's Office*, 769 F.3d 850, 855 (3d Cir. 2014) (quoting *Coleman v. Kaye*, 87 F.3d 1491, 1505 (3d Cir. 1996)). In this case, Mr. Ellis's complaint against the Prosecutor's Office is based on classic law enforcement activities. As to such activities, the Prosecutor's Office enjoys absolute immunity.

C. State Law Claims

It is not altogether clear whether Mr. Ellis is also seeking to raise state law claims against any of these five defendants. Assuming that there are any state claims, they will be dismissed. The only potential basis for federal court jurisdiction over such state law claims would be supplemental jurisdiction pursuant to 28 U.S.C. § 1367. When a court has dismissed all claims over which it had federal question jurisdiction—as is the case here—it has the discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See id.* § 1367(c)(3). This case is at the earliest possible stage, and the federal claims lack even a preliminary showing of merit. This Court will exercise its discretion to decline supplemental jurisdiction over Mr. Ellis's state law claims to the extent the complaint may be read to assert them.

## V.    CONCLUSION

For the following reasons, Mr. Ellis's federal claims are dismissed with prejudice and this Court will decline to exercise supplemental jurisdiction over any state law claims. An appropriate order will be entered.

DATED:  December 27, 2016

KEVIN MCNULTY
United States District Judge